**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMELIA HARRIS,<br><br>            Plaintiff,<br><br>      v.<br><br>CITY OF LOS ANGELES; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No. 2:26-cv-04854-WLH-PVC<br><br>*Hon. Wesley L. Hsu*<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference:<br>Date:   August 7, 2026<br>Time:   1:00 p.m.<br>Crtrm: 9B<br><br>**Complaint (with Demand for Jury Trial) Filed**: May 5, 2026<br>**Answer Filed**: June 17, 2026<br>**Trial (Proposed)**: February 21, 2027 |

1

JOINT RULE 26(f) REPORT

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1, and the Court's June 29, 2026, Order Setting Scheduling Conference [Dkt. 13], the early meeting of counsel has been conducted between counsel for Plaintiff and counsel for Defendant City of Los Angeles. The early meeting of counsel took place via telephone on July 22, 2026, and was attended by Benjamin Levine of the Law Offices of Dale K. Galipo, and Shant Taslakian of the Los Angeles Office of the City Attorney, counsel for Defendant City of Los Angeles. Although counsel for Plaintiff endeavored to timely hold the meeting by the week prior as directed by the Court, this was not possible due to a change in counsel for Defendant City of Los Angeles.

The parties have discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan. The parties, through their counsel, respectfully submit the following Joint Report.

**(1)    Statement of the Case**

Plaintiff's Summary: Plaintiff alleges that, on June 8, 2025, Plaintiff was attending a peaceful public protest in downtown Los Angeles. While Plaintiff was standing on Temple Street, partway up the block from the intersection of Temple and Main Street, officers from the Los Angeles Police Department began advancing toward Plaintiff and others who were nearby before abruptly beginning to file less-lethal projectile rounds at the demonstrators, including Plaintiff. Plaintiff was struck by these rounds five times, including in the face, causing serious injury. Plaintiff was not armed with any weapon, was not approaching the officers, had not harmed or taken any threatening action toward anyone, and had not been given any audible dispersal order or any other audible warning or command. After Plaintiff was struck repeatedly by the officers' rounds, no officer attempted to provide medical attention or other assistance to Plaintiff.

As a result of these allegations, Plaintiff brings causes of action under 42 U.S.C. § 1983 against the individual officer Defendants—whose identities are currently unknown to Plaintiff—for excessive force, denial of medical care, and retaliation. Plaintiff also brings *Monell* claims against the City of Los Angeles for unconstitutional custom, practice, or policy, failure to train, and ratification. Plaintiff also brings claims under California law for battery, negligence, and violation of the Bane Act, Civ. Code § 52.1.

Defendant's Summary:

Defendant denies all allegations and contend that its actions were reasonable and lawful at all time.

### (2) Subject Matter Jurisdiction

Plaintiff has filed federal claims pursuant to 42 U.S.C. § 1983. Accordingly, the parties do not dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and over Plaintiff's claims under state law pursuant to 28 U.S.C. § 1367, as those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

### (3) Legal Issues

1. Whether the individual Defendants used excessive force against Plaintiff;
2. Whether the individual Defendants denied timely medical care to Plaintiff;
3. Whether the individual Defendants unlawfully retaliated against Plaintiff for her protected speech and/or participation in protected public assembly;
4. Whether the City of Los Angeles maintained one or more unlawful customs, practices, or policies that were a moving force behind the constitutional violation(s) alleged;

JOINT RULE 26(f) REPORT

5.  Whether the City of Los Angeles improperly failed to train its officers, and whether that failure to train was a moving force behind the constitutional violation(s) alleged;

6.  Whether one or more City of Los Angeles officials who possessed final policymaking authority ratified the individual Defendants' actions and the reasons for them;

7.  Whether the individual Defendants were negligent toward Plaintiff;

8.  Whether the individual Defendants violated the Bane Act;

9.  The nature and scope of Plaintiff's damages; and

10. Whether Plaintiff is entitled to punitive damages.

**(4)     Parties, Evidence, etc.**

*Parties*: The parties are Plaintiff Amelia Harris and Defendants City of Los Angeles and Does 1-10.

*Witnesses*: The percipient witnesses include the LAPD officials and personnel present at the scene of the incident, medical professionals who attended to Plaintiff, and any civilian witnesses. Additional non-percipient witnesses may include expert witnesses and witnesses on Plaintiff's damages. Given that discovery has not yet been completed, the parties have not yet identified all other witnesses.

*Key Documents Plaintiff May Use*: The key documents will include LAPD records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, and photographic evidence. Additional documents may include depositions of the parties and witnesses, and responses to written discovery.

*Key Documents Defendant May Use*: Key documents will include LAPD records of the incident, including but not limited to, audio/video of the incident, photographic evidence, statements, reports and any additional information acquired during the discovery and investigatory process.

/ / /

4

JOINT RULE 26(f) REPORT

**(5)    Damages**

Plaintiff claims general and special compensatory damages, according to proof at trial under federal and state law for her individual damages for the excessive force and Plaintiff's pain and suffering and other noneconomic damages, and economic damages including loss of earnings, loss of earning capacity, and medical expenses. Plaintiff also seeks punitive and exemplary damages against the individual Defendants only. Plaintiff also seeks attorney's fees pursuant to 42 U.S.C. § 1988, costs and interest incurred.

**(6)    Insurance**

The City of Los Angeles is self-insured.

**(7)    Motions**

**a.    Procedural Motions**

There are no pending motions. Following initial discovery, Plaintiff will file either a stipulation to name as defendants the individual officers who are believed to have liability in lieu of the current Doe Defendants, or a motion to amend if such stipulation cannot be reached. Plaintiff is hopeful that such amendment may be accomplished through stipulation. Aside from this, Plaintiff does not anticipate bringing any motions to amend the pleadings, add parties or claims or transfer venue.

The parties further anticipate bringing motions *in limine* based on the claims and damages remaining at trial, but are unable to identify the specific subjects of such motions at this early stage.

**b.    Dispositive Motions**

The parties have discussed potential motions and propose a deadline of October 29, 2027, to hear dispositive motions. This date is also set forth in Exhibit A attached hereto.

After a period of discovery, Plaintiff and Defendants may bring a motion for summary judgment or adjudication on one or more claims as appropriate. If such a motion is brought, the Parties will adhere to the Court's requirements for motions for

summary judgment.

The parties agree and request that for any motion made pursuant to F.R.C.P. 56, the opposing party shall have two weeks to prepare and file their opposition papers and that the moving party shall have two weeks to prepare and file their reply papers.

**c.    Class Certification Motions**

Not applicable.

**(8)    Manual for Complex Litigation**

The parties agree that this is not a complex case and is therefore not subject to the Manual for Complex Litigation.

**(9)    Discovery**

**a.    Status of Discovery**

The parties agree to exchange initial disclosures on or before August 5, 2026. As of the time of the drafting of this report, written discovery requests have not yet been propounded and deposition dates have not yet been set.

**b.    Discovery Plan**

The parties have discussed the anticipated discovery. Plaintiff anticipates serving written discovery regarding City records regarding the incident and taking the depositions of City personnel who were involved in the use of force against Plaintiff (whose identities are currently unknown to Plaintiff), and of the City's person(s) most knowledgeable about policies and training on the use of less-lethal launcher weapons by police. Plaintiff also plans to retain experts who will opine on, and potentially testify to, issues of liability, causation, and damages. Plaintiff anticipates serving written interrogatories, requests for admission, and requests for production of documents.

Defendant anticipates serving request for production of document, written interrogatories and possibly request for admission. Defendant will also notice depositions.

JOINT RULE 26(f) REPORT

The parties will also take the depositions of any experts or witnesses identified by the other.

The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case. However, Plaintiff requests that Defendant be required, when producing any video recordings relevant to Plaintiff's claims, to do so without a visually obstructive watermark overlaid on the video footage, which in counsel's experience is common for the City of Los Angeles.

The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time, except that Plaintiff may seek a stipulation or leave to depose more witnesses than the 10 allowed under the Federal Rules, if Plaintiff learns through discovery that there were more City personnel who were present during relevant events and may be material witnesses than Plaintiff would otherwise be able to depose.

### c.    Discovery Cut-off

The parties propose a Fact Discovery Cut-Off of August 13, 2027. This date is also set forth in Exhibit A attached hereto.

### d.    Expert Discovery

The parties have discussed expert discovery and propose exchange dates of: Initial Expert Disclosure on September 10, 2027; Rebuttal Expert Disclosure on October 1, 2027; and Expert Discovery Cut-Off of October 15, 2027. These dates are also set forth in Exhibit A attached hereto.

### (10)   Settlement Conference / Alternative Dispute Resolution (ADR)

a.    *Prior Discussions*

The parties have not had substantive settlement discussions. The parties are amenable to engaging in initial settlement discussions following a period of discovery.

/ / /

      b.    *ADR Selection*

The parties are agreeable to participating in ADR Procedure No. 2 (Panel Mediation) and intend to seek the consent of panel mediator Richard T. Copeland. If mediation is unsuccessful, the parties are also amenable to participating in a Settlement Conference before a Magistrate Judge.

**(11)  Trial**

      a.    *Trial Estimate*

The parties estimate the trial will take approximately three to five court days. This estimate reflects the anticipated need for testimony from the parties, percipient witnesses, and one or more experts for each side.

Without discovery, Plaintiff cannot provide an exact number of witnesses she contemplates calling, but currently anticipates calling approximately 3-5 percipient witnesses, 1-3 damages witnesses, and 1-2 expert witnesses. These estimates may change based on what is learned during discovery. Defendant will call involved officers, if needed, and anticipates the testimony of 1-2 expert witnesses.

The parties propose a trial start date of February 21, 2028. This date reflects the anticipated scope of fact discovery; the need for expert discovery; the potential for the filing, hearing, and resolution of dispositive motions filed by one or more parties; and lead trial counsel's current trial calendars through 2027. The parties also propose a final pretrial conference date of February 4, 2028. These dates are also set forth in Exhibit A attached hereto.

      b.    *Jury or Court Trial*

The parties request a trial by jury.

      c.    *Consent to Trial Before Magistrate Judge*

At this time, the parties do not agree to try the case before a magistrate judge.

      d.    *Lead Trial Counsel*

Dale K. Galipo will be lead trial counsel for Plaintiff, and Benjamin S. Levine will also participate in the trial for Plaintiff. Shant Taslakian will be lead counsel for

Defendant City of Los Angeles.

**(12)   Independent Expert or Master**

The parties agree that this case does not require an independent expert or master.

**(13)   Other Issues**

The parties stipulate to electronic service of discovery.

The parties will seek entry of a stipulated protective order governing use of sensitive materials produced in discovery in this action.

Respectfully submitted,

Dated: July 24, 2026       LAW OFFICES OF DALE K. GALIPO

By   */s/ Benjamin S. Levine*
                 DALE K. GALIPO
                 BENJAMIN S. LEVINE[1]
                 *Attorneys for Plaintiff*

Dated: July 24, 2026       OFFICE OF THE LOS ANGELES CITY ATTORNEY

By   */s/ Shant Taslakian*
                 HYDEE FELDSTEIN SOTO
                 DENISE C. MILLS
                 KATHLEEN KENEALY
                 SHANT TASLAKIAN
                 *Attorneys for Defendant City of Los Angeles*

---

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

JOINT RULE 26(f) REPORT