**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiff Amelia Harris*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMELIA HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:26-cv-04854-WLH-PVC<br><br>*Honorable Wesley L. Hsu*<br><br>**JOINT STIPULATION TO CONTINUE DEADLINE TO AMEND PLEADINGS AND ADD PARTIES BY APPROXIMATELY 90 DAYS**<br><br>*(Declaration of Benjamin S. Levine and [Proposed] Order filed concurrently herewith)* |

**<u>TO THE HONORABLE COURT:</u>**

IT IS HEREBY STIPULATED by and between Plaintiff Amelia Harris and Defendant City of Los Angeles—the parties to this action—for the purpose of jointly requesting that the honorable Court enter an order, pursuant to Fed. R. Civ. P. 16(b)(4) and any applicable Orders of the Court, continuing the deadline to amend pleadings and add parties by approximately 90 days.

//

//

//

**STIPULATION**

WHEREAS, on May 5, 2026, Plaintiff filed her Complaint. ECF 1. The Complaint principally alleges that individual employees of the City of Los Angeles—officers of the Los Angeles Police Department—whose identities were unknown to Plaintiff, unlawfully struck Plaintiff with multiple "less-lethal" projectile rounds while she exercised her First Amendment rights during demonstrations. *See id*. That the individual officers' identities were unknown to Plaintiff necessitated significant initial discovery to enable Plaintiff to ascertain their identities, prior to Plaintiff's amendment of the complaint to name them as individual defendants. *See* ECF 16 § 7(a) (addressing same).

WHEREAS, on July 28, 2026, the Court issued its Civil Pretrial Schedule and Trial Order re: Jury Trial ("Scheduling Order"). ECF 17. Among other dates and deadlines, the Scheduling Order set a November 6, 2026, deadline to hear motions to amend pleadings or add parties.[1] *Id.* at 22. Under this Court's rules, this means such a motion must be filed no later than October 9, 2026, and counsel for the moving party must attempt to meet and confer regarding the motion no later than October 2, 2026. *See* L.R. 6-1, 7-3, 7-5.

WHEREAS, Plaintiff contends that she has diligently pursued the discovery necessary to enable her to identify the individual officers who used force against her and amend her complaint to name them as defendants, but has not yet obtained this information. Specifically, Plaintiff contends that good cause to grant the continuance requested herein exists on the following basis:

a. On July 22, 2026, counsel for the parties held a Rule 26(f) meeting, opening discovery. (Declaration of Benjamin S. Levine ("Levine Decl.") ¶ 2; Fed. R. Civ. P. 26(f).)

---

[1] The Court overruled the parties' jointly requested deadline of February 5, 2027. ECF 17 at 22.

b. On July 29, 2026, Plaintiff propounded interrogatories and requests for production of documents on Defendant City of Los Angeles. The interrogatories, and many of the requests for production, were targeted toward identifying the officers alleged to have used force against Plaintiff during the subject incident. (Levine Decl. ¶ 3.)

c. On August 19, 2026, the parties filed a stipulated protected order, which was entered by the Court on August 20, 2026. ECF 21, 22.

d. On August 25, 2026, Defendant's counsel requested a 30-day extension to respond to Plaintiff's discovery requests, and also a photograph of Plaintiff to assist in identifying records from the subject incident that depict Plaintiff. Defendant's counsel explained that there was a large crowd of individuals at the intersection alleged in the complaint, and thus that providing responsive documents is time intensive and possesses unique circumstances. Plaintiff's counsel granted the extension and provided a photograph of Plaintiff. (Levine Decl. ¶ 4.)

e. On September 14, 2026, Defendant's counsel contacted Plaintiff's counsel to request additional details regarding the incident, including Plaintiff's whereabouts, attire, and other identifying features, expressing that the previously provided photograph was insufficient to enable Defendant to identify Plaintiff in records from the subject incident given that there was a large crowd present where Plaintiff was allegedly located. That day, Plaintiff's counsel provided additional details and, in response to an additional request, provided a second photograph, depicting Plaintiff and partially showing the shirt and hat she wore during the subject incident. (Levine Decl. ¶ 5.)

f. On September 18, 2026, Defendant served responses to Plaintiff's discovery requests explaining that, at that time, Defendant had not yet been able to verify Plaintiff's presence at the incident location in its records and

therefore was not yet able to identify responsive information or documents. Defendant's counsel has since expressed that the additional photograph and information provided by Plaintiff's counsel remained insufficient to enable Defendant to identify Plaintiff in records from the subject incident. (Levine Decl. ¶ 6.)

g. On September 18, 2026, Plaintiff's counsel advised of Plaintiff's intent to pursue a motion to compel unless the requested information and documents were produced, and followed up on September 21, 2026, with a formal letter requesting to meet and confer regarding the discovery dispute within ten days as required by Local Rule 37-1. (Levine Decl. ¶ 7.)

h. On September 23, 2026, counsel for the parties met and conferred regarding a potential motion to continue the deadline to amend pleadings or add parties. Counsel agreed that Plaintiff's counsel would attempt to obtain additional photographs to assist Defendant in ascertaining Plaintiff's location during the subject incident, in an effort to resolve the discovery issues cooperatively. (Levine Decl. ¶ 8.)

i. On September 25, 2026, Plaintiff's counsel provided additional photographs to Defendant's counsel, showing the shirt Plaintiff was wearing during the subject incident, to attempt to assist Defendant in ascertaining Plaintiff's location during the subject incident. (Levine Decl. ¶ 9.)

j. On September 29, 2026, Defendant's counsel advised that Defendant had identified Plaintiff in its records regarding the subject incident, and that a document production would be forthcoming. (Levine Decl. ¶ 10.)

k. The Parties are continuing to meet and confer regarding the discovery production.

WHEREAS, Plaintiff contends that, as of the date of this stipulation, Plaintiff does not yet know the names of the officers who used force against her, and thus

lacks the information necessary to move to add those officers to her complaint as defendants in lieu of the Doe defendants currently identified in her complaint, or to meet and confer regarding same.

WHEREAS, as demonstrated herein, good cause exists to continue the deadline to hear motions to amend pleadings or add parties pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 7-1, because the parties are actively engaged in discovery, and are working cooperatively to exchange the information Plaintiff seeks in order to identify the individual officers.

WHEREAS, the parties specifically request a 90-day continuance of this deadline to allow sufficient time for counsel to produce documents and identify relevant parties to this action; for Defendant to complete its document production; for counsel to continue meeting and conferring regarding any remaining discovery issues; for the parties to participate in an informal discovery conference with the assigned Magistrate Judge if no agreement is reached, as required by the Magistrate Judge's procedures; for any related motion practice, if necessary; for Plaintiff's counsel to review the information and documents produced; and for Plaintiff's counsel to prepare a proposed amended complaint based on those details and documents, and a motion for leave to file same if no stipulation for leave to amend can be reached (although counsel intend to stipulate if possible).

WHEREAS, although the parties have been working diligently on all of the issues noted above and have endeavored to do so within the limits set by the current scheduling order, the requested additional time is needed to effectuate necessary amendments to the pleadings.

WHEREAS, as a result of the foregoing, through this stipulation the parties respectfully seek a continuance of the last day to hear motion to amend pleadings or add parties set in the Court's scheduling order by approximately 90 days, in order to allow Plaintiff to take the steps necessary to properly amend her operative complaint.

WHEREAS, Plaintiff contends that she will be prejudiced in the absence of a

continuance of this deadline because she will be unable to include as defendants in this lawsuit any officers she contends used force against her during the subject incident, to conduct discovery regarding those officers, or to meaningfully evaluate this matter for purposes of mediation or trial, notwithstanding the parties' earnest efforts thus far to comply with the current scheduling order deadlines.

WHEREAS, the parties have not previously requested any continuance or other modification of the scheduling order dates and deadlines.

ACCORDINGLY, the parties hereby stipulate and respectfully request that the deadline to Hear Motion to Amend Pleadings or Add Parties set by the Court's July 28, 2026, Scheduling Order be continued by approximately 90 days, from November 6, 2026 (current) to February 5, 2027 (requested).

Respectfully submitted,

Dated: October 8, 2026 LAW OFFICES OF DALE K. GALIPO

By *___/s/ Benjamin S. Levine___*
DALE K. GALIPO
BENJAMIN S. LEVINE[2]
*Attorneys for Plaintiff*

Dated: October 8, 2026 OFFICE OF THE LOS ANGELES CITY ATTORNEY

By *___/s/ Shant Taslakian___*
Shant Taslakian
Attorneys for Defendant
City of Los Angeles

---

[2] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.