**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118
*Attorneys for Plaintiff Amelia Harris*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

AMELIA HARRIS,

Plaintiff,

v.

CITY OF LOS ANGELES; and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:26-cv-04854-WLH-PVC

**DECLARATION OF BENJAMIN S. LEVINE IN SUPPORT OF JOINT STIPULATION TO CONTINUE DEADLINE TO AMEND PLEADINGS AND ADD PARTIES BY APPROXIMATELY 90 DAYS**

# DECLARATION OF BENJAMIN S. LEVINE

I, Benjamin S. Levine, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, and the Central District of California. I make this declaration in support of the parties' Joint Stipulation to Continue Deadline to Amend Pleadings and Add Parties by Approximately 90 Days. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2. On July 22, 2026, counsel for the parties held a Rule 26(f) meeting.

3. On July 29, 2026, on behalf of Plaintiff, my office served interrogatories and requests for production of documents on Defendant City of Los Angeles, through its counsel. The interrogatories, and many of the requests for production, were targeted toward identifying the officers alleged to have used force against Plaintiff during the subject incident.

4. On August 25, 2026, Defendant's counsel requested a 30-day extension to respond to Plaintiff's discovery requests, and also a photograph of Plaintiff to assist in identifying records from the subject incident that depict Plaintiff. Defendant's counsel explained that there was a large crowd of individuals at the intersection alleged in the complaint, and thus that providing responsive documents is time intensive and possesses unique circumstances. I granted the extension and provided the requested photograph.

5. On September 14, 2026, Defendant's counsel contacted me to request additional details regarding the incident, including Plaintiff's whereabouts, attire, and other identifying features, expressing that the previously provided photograph was insufficient to enable Defendant to identify Plaintiff in records from the subject incident given that there was a large crowd present where Plaintiff was allegedly located. That day, I provided additional details and, in response to an additional request, provided a second photograph, depicting Plaintiff and partially showing the shirt and hat she wore during the subject incident.

6. On September 18, 2026, Defendant served responses to Plaintiff's discovery requests, explaining that, at that time, Defendant had not yet been able to verify Plaintiff's presence at the incident location in its records and therefore was not yet able to identify responsive information or documents. Defendant's counsel has since expressed that the additional photograph and information provided by Plaintiff's counsel remained insufficient to enable Defendant to identify Plaintiff in records from the subject incident.

7. On September 18, 2026, I advised Defendant's counsel of Plaintiff's intent to pursue a motion to compel unless the requested information and documents were produced. I followed up on September 21, 2026, with a formal letter requesting to meet and confer regarding the discovery dispute within ten days as required by Local Rule 37-1.

8. On September 23, 2026, Defendant's counsel and I met and conferred regarding a potential motion to continue the deadline to amend pleadings or add parties. We agreed that I would attempt to obtain additional photographs to assist Defendant in ascertaining Plaintiff's location during the subject incident, in an effort to resolve the disputed discovery issues cooperatively.

9. On September 25, 2026, I provided additional photographs to Defendant's counsel, showing the shirt Plaintiff was wearing during the subject incident, to attempt to assist Defendant in ascertaining Plaintiff's location during the subject incident.

/ / /

/ / /

/ / /

10. On September 29, 2026, Defendant's counsel advised that Defendant had identified Plaintiff in its records regarding the subject incident, and that a document production would be forthcoming.

I declare under penalty of perjury of the laws of the United States of America, that the foregoing is true and correct. Executed on October 8, 2026, at Woodland Hills, California.

*/s/ Benjamin Levine*
Benjamin Levine